# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DANIEL BAIDEN, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** |
| | ) |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| COAST PROFESSIONAL INC., | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | ) |
| | ) |
| _____ | ) |

DANIEL BAIDEN ("Plaintiff"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against COAST PROFESSIONAL INC. ("Defendant"):

## INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business in the State of Maryland, therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

PLAINTIFF'S COMPLAINT

## PARTIES

5.      Plaintiff is a natural person residing in Germantown, Maryland 20874.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a corporation with its principal place of business located at 4273 Volunteer Road, Geneseo, New York 14454.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     At all relevant times herein, Defendant was attempting to collect an alleged consumer debt and contacted Plaintiff in its attempts to collect that debt.

11.     The alleged debt at issue, a Department of Education student loan, arose out of transactions which were primarily for personal, family, or household purposes.

12.     Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by him could only arisen from a financial obligation for primarily personal, family or household purposes.

13.     Beginning in or around early March 2015, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's home, cellular, and work telephone numbers in its attempts to collect the alleged debt.

14.     Defendant's calls originated from telephone numbers including, but not limited to, (800) 964-0881.  The undersigned has confirmed that this number belongs to Defendant.

15.     During its communications with Plaintiff, Defendant requested Plaintiff's social

2

security number, where upon Plaintiff's refusal, it would hang up on him.

16.   Defendant also placed calls using an automated and/or prerecorded voice, which when answered, would "beep" several times before transferring the caller to Defendant's collectors.

17.   Frustrated by Defendant's repeated harassing calls, in May 2015, Plaintiff demanded that Defendant's calls stop.

18.   Defendant ignored Plaintiff's request and called multiple times each week thereafter, even placing calls before 8 o' clock antemeridian and after 9 o' clock postmeridian, which has caused Plaintiff's two (2) year old son to be woken up.

19.   Furthermore, during a collection call with one of Defendant's female collectors, Defendant threatened to garnish Plaintiff's wages and pursue legal action if payment was not made in a timely manner.

20.   When Defendant failed in coercing payment by calling his home and cellular telephone numbers, it began contacting Plaintiff at his place of work, thereby disrupting conferences and interviews.

21.   Plaintiff, again, informed Defendant to stop calling his telephone numbers, and further, explained that personal telephone calls were prohibited by his employer.

22.   Defendant willfully ignored Plaintiff's repeated revocation for telephone communication and continued to call at the same frequency.

23.   Defendant's actions, as described herein, were taken with the intent to mislead, harass, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1)OF THE FDCPA

24.   Section 1692c(a)(1) of the FDCPA prohibits a debt collector from calling a

3

consumer at any unusual time or place or time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communication with a consumer is after 8 o' clock antemeridian and before 9 o' clock postmeridian, local time at the consumer's location.

25.     Defendant violated section 1692c(a)(1) of the FDCPA when it called Plaintiff before 8 o' clock, and after 9 o' clock, when it called Plaintiff's place of employment after being advised it conflicted with his ability to work, and generally when it called at night waking up Plaintiff's young child.

## COUNT II
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE FDCPA

26.     Section 1692c(a)(3) of the FDCPA prohibits a debt collector from calling a consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

27.     Defendant violated section 1692c(a)(3) of the FDCPA by calling Plaintiff at work after being advised his employer prohibited personal telephone calls during normal work hours.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

28.     Section 1692d of the FDCPA prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

29.     Defendant violated section 1692d of the FDCPA when it called Plaintiff's telephones continuously thereby disrupting Plaintiff's family and causing Plaintiff's child to be woken up repeatedly.

PLAINTIFF'S COMPLAINT

## COUNT IV
## DEFENDANTS VIOLATED § 1692d(5) OF THE FDCPA

30.     Section 1692d(5) of the FDCPA prohibits a debt collector from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31.     Defendants violated § 1692d(5) when it called Plaintiff's home, cellular, and work phone continuously and repeatedly, even after being advised to stop.

## COUNT V
## DEFENDANT VIOLATED §§ 1692e and 1692e(10) OF THE FDCPA

32.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     Section 1692e(10) of the FDCPA prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34.     Defendant violated §§ 1692e and 1692e(10) when it implied that nonpayment of any debt would result in garnishment of Plaintiff's wages, and when it threatened to take legal action it had no intention of pursuing. .

## COUNT VI
## DEFENDANT VIOLATED § 1692e(4) OF THE FDCPA

35.     Section 1692e(4) of the FDCPA prohibits a debt collector from representing that nonpayment of any debt would result in the garnishment of wages.

36.     Defendant violated § 1692e(4) of the FDCPA when it threatened to garnish Plaintiff's wages as a result of nonpayment of the debt.

## COUNT VII
## DEFENDANT VIOLATED § 1692e(5) OF THE FDCPA

37.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

38.     Defendant violated § 1692e(5) when it threatened to take legal action it had no intention of pursing.

WHEREFORE, Plaintiff, DANIEL BAIDEN, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DANIEL BAIDEN, demands a jury trial in this case.

Respectfully submitted,

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Avenue
Ambler, PA 19002
Tel: 215-540-8888
Fax: 215-540-8817
Email: aginsburg@creditlaw.com
Attorney for the Plaintiff

DATED: June 26, 2015

6

PLAINTIFF'S COMPLAINT